UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA MARTENS,<br>                     Plaintiff,<br><br>       v.<br><br>CARLOS DEL TORO, Secretary,<br>U.S. Department of the Navy,<br>                     Defendant. | Civil Action<br><br>No. 22-0992 (TNM) |

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER VENUE

Issue of Venue

      Plaintiff contends the venue proper;y lies within this district, based upon the precedent of this Court. <u>See</u>, *Vince v. Mabus*, 956 F. Supp. 2d 83, 88 (D.D.C. 2013) ("Courts have consistently allowed the Secretary of the Navy to be sued in the District of Columbia because he performs a significant amount of his official duties in this jurisdiction," citing *Smith v. Dalton*, 927 F.Supp. 1, 6 (D.D.C.1996)). <u>See</u>, also, *E.V. v. Robinson*, 200 F. Supp. 3d 108, 113 (D.D.C. 2016) (". . . despite being stationed at the Pentagon, the Secretary nonetheless performed a significant amount of his official work in D.C. and was therefore a resident of D.C. under § 1391(e)(1)).

Issue of Dismissal Based on alleged Failure
to State a Claim Upon relief can be Granted

      This issue has been comprehensively addressed, analyzed and refuted by plaintiff in her *Brief in Support of Appeal* in the underlying administrative action before the U.S. Equal Employment Opportunity Commission in EEOC Appeal No.

20211001413 (**Doc. 1-3** pp.44 of 129 to 50 of 129) and in Appellant's Request for Reconsideration in EEOC Request No. 2021004338 (**Doc. 1-3** pp.111 of 129 to 126 of 129). In particular, as stated in the Request for Reconsideration:

> In evaluating the legal sufficiency of a complaint, an Agency must accept all facts alleged in the complaint as true and construe them in the light most favorable to a complainant, in order to determine whether a complaint contains sufficient factual matter to state a claim to relief that is plausible on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Commission, in affirming the dismissal of **Claim 1**, violated the mandates of the U.S. Supreme Court decision in *Iqbal*, by ignoring the well-founded factual allegations of the complainant. The Agency erred, and the Commission, by affirming the agency's dismissal by failing to accept all well-pleaded factual allegations as true for purposes of a dismissal decision. *Iqbal*. Similarly, the Commission erred by affirming the Agency's dismissal.

Wherefore, Plaintiff requests the Defendant's Motion be denied.

                                      Respectfully submitted,

                                      s/ Dennis L. Friedman
                                      DENNIS L. FRIEDMAN
                                      Attorney for Appellant
                                      1515 Market Street, Suite 1650
                                      Philadelphia, PA  19102
                                      (215) 567-4600
                                      friedman.dennis@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Plaintiff's Response to Motion to Dismiss or, in the Alternative, to Transfer Venue* has been served upon the following by ECF this date to:

Bradley G. Silverman,
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

                                              s/ Dennis L. Friedman
                                              DENNIS L. FRIEDMAN, ESQUIRE

Dated:  September 20, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA MARTENS,
          Plaintiff,

v.

CARLOS DEL TORO, Secretary,
U.S. Department of the Navy,
          Defendant.

Civil Action

No. 22-0992 (TNM)

**<u>ORDER</u>**

Upon reading and considering *Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue* and Plaintiff's Response thereto, it is ORDERED that the Defendant's motion is denied.

BY THE COURT:

_____, J.

cc:    Dennis L. Friedman, Esquire
        bradley.silverman@usdoj.gov