UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA MARTENS, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-992 (TNM) |
| CARLOS DEL TORO, Secretary of the Navy | |
| Defendant. | |

## MEMORANDUM OPINION

As the master of his case, the plaintiff usually gets to choose where to litigate. But courts can override that decision to serve other important interests. This is one such case. The Eastern District of Virginia is more convenient for the parties and witnesses. And transfer would serve the ends of justice. Thus, the Court will transfer this case to the Eastern District of Virginia and deny the Navy's motion to dismiss as moot.

I.

Patricia Martens worked in human resources for the Marines in Japan. Compl. ¶ 6, ECF No. 1. A few years ago, she alleged that her supervisors had discriminated against her. *Id.* ¶ 8. She eventually settled that dispute. *Id.* ¶ 9. But soon after, officials began investigating her HR unit. *Id.* ¶ 11.

So Martens sued the Navy under Title VII. She alleges that officials, under the guise of an investigation, discriminated against and harassed her "based on her national origin." *Id.* ¶ 15. And she claims that they retaliated against her for filing the earlier discrimination complaint. *Id.*

In response, the Navy moved to dismiss Marten's complaint or, in the alternative, transfer venue. *See* Mot. to Dismiss or to Transfer Venue, ECF No. 12. The Navy argues that venue is

proper in the Eastern District of Virginia and that both the private and public interests favor transfer. *Id.* at 12–15. Martens has failed to meaningfully respond. *See* Pl.'s Opp'n, ECF No. 13 (opposing dismissal but ignoring the Navy's request to transfer). The Navy's motion is now ripe.

## II.

District courts may transfer a civil case to another district in which venue is proper "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). When ruling on requests to transfer, courts must first determine whether venue is proper in the proposed district. *Montgomery v. Barr*, 502 F. Supp. 3d 165, 173 (D.D.C. 2020). Next, courts consider whether one venue better serves the "convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). Courts look to several private and public interests to flesh out these considerations. *Montgomery*, 502 F. Supp. 3d at 174.

### A.

In most civil cases, 28 U.S.C. § 1391 provides the venue requirements. But for Title VII cases, Title VII's venue provision governs instead. *Stebbins v. State Farm Mut. Auto. Ins.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969); 42 U.S.C. §2000e-5(f)(3). Title VII provides four options:

1. any judicial district in the State in which the unlawful employment practice is alleged to have been committed;
2. the judicial district in which the employment records relevant to such practice are maintained and administered; or
3. the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice;
4. but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Martens alleges no facts that would satisfy the first three options. She says that she was stationed in Japan "[a]t all times relevant" to her complaint. Compl. ¶ 6. And she neither alleges

that her employment records are stored in Virginia nor that she would have worked there but for the alleged discrimination.

But venue is proper in Virginia under the fourth option: the Secretary of the Navy's principal office "is located at the Pentagon, which is in Virginia." *Monk v. Sec'y of Navy*, 793 F.2d 364, 369 n.1 (D.C. Cir. 1986).

**B.**

The Court next weighs the interests, beginning with the private-interest factors.

> Courts generally look to six private interest factors in evaluating transfer motions: 1) the plaintiff's choice of forum, unless the balance of convenience strongly favors defendants; 2) the defendants' choice of forum; 3) whether the claim arose elsewhere; 4) the convenience of the parties; 5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and 6) the ease of access to sources of proof.

*Ctr. For Env't Sci. v. NPS*, 75 F. Supp. 3d 353, 357 (D.D.C. 2014) (cleaned up).

One factor cuts against transfer. Two are neutral. And three favor it. Thus, on balance, the private-interest factors favor transfer.

Martens wants to litigate in this district. So the first factor weighs against transfer. But since Martens has failed to adequately explain why venue is proper here or allege any ties to this district, her preference carries less weight. *See Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020). The third factor is neutral. Marten's claim arose in Japan, outside both districts. And the fifth factor is neutral too; there is no indication that witnesses would be unavailable in either district.

The rest of the factors favor transfer. The second favors transfer because the Navy wants to litigate in the Eastern District of Virginia. *See* Mot. to Dism. at 12–15. The fourth favors transfer since Virginia would likely be more convenient for the parties. The Navy has its

headquarters there. And Martens alleges no facts that suggest she has similar ties to this city. *See Wolfram Alpha*, 490 F. Supp. 3d at 333. The sixth factor favors transfer for much the same reason. Since the Navy has its headquarters in Virginia, that district is likely to be more home to more evidence. And Martens alleges no facts to the contrary.

### C.

The public-interest factors are a wash. These include: "(1) the transferee forum's familiarity with the governing laws and the pendency of related actions in that forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Ctr. for Env't Sci.*, 75 F. Supp. 3d at 358 (cleaned up).

The first factor is neutral because Martens's claims fall under federal law and courts presume that "[f]ederal district courts have equal familiarity" such claims. *Id.*

The second factor cuts against transfer. Resisting that conclusion, the Navy points out that this district had 5,887 cases pending to the Eastern District of Virginia's 4,662. *U.S. Courts–Civil Statistical Tables For The Federal Judiciary* (December 31, 2021), https://www.uscourts.gov/report-names/statistical-tables-federal-judiciary?m%5Bvalue%5D=&pt=All&t=All&tn=&y%5Bvalue%5D=&order=field_date_updated&sort=desc. But this district has five more active judges than the Eastern District. The Eastern District thus has more pending cases per active judge. *Cf. Wolfram Alpha LLC*, 490 F. Supp. 3d at 336–38 (considering cases per judge). So the Eastern District's docket appears more congested.

The third factor tips in favor of transfer. It assesses "the local interest in having localized controversies decided at home." *S. Utah Wilderness All. v. Lewis*, 845 F. Supp. 2d 231, 237

(D.D.C. 2012) (cleaned up).  And it follows from the principle that "matters should generally be resolved in the forum where the people whose rights and interests are most affected by the suit are located."  *Id.*

The Eastern District has a greater local interest than this district.  This lawsuit could impact Navy employees.  And any such impact will likely fall more acutely on people in the Eastern District as it is home to the Navy's headquarters.

### III.

Venue is proper in the Eastern District of Virginia.  Plus, nearly all the transfer factors either favor transfer or are neutral.  Only two cut against it.  Because of this, the Court finds that transferring this case to the Eastern District of Virginia is more convenient for the parties and the witnesses and will serve the ends of justice.  Thus, the Court will grant the Navy's motion to transfer to the Eastern District of Virginia and deny its motion to dismiss as moot.

Dated: October 18, 2022                                    TREVOR N. McFADDEN, U.S.D.J.